IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NATIONAL LOAN ACQUISITIONS  *
COMPANY,                    *
                            *
    Plaintiff,              *
                            *
vs.                         * CIVIL ACTION NO. 09-00169-CG-B
                            *
PET FRIENDLY, INC., *et al.*, *
                            *
    Defendants.             *

**AMENDED REPORT AND RECOMMENDATION**

This case is before the Court on Defendant Teresa Weinacker's motions to vacate a default judgment dated May 29, 2009. (Docs. 32, 33).[1] Upon consideration of all matters presented, the undersigned RECOMMENDS, for the reasons stated herein, that Defendant's motions be DENIED.

**I. Background**

Defendant Teresa Weinacker ("Weinacker"), proceeding *pro se*, alleges that the default judgment entered by the Court in this case on May 29, 2009 (Doc. 21), is void for "failure of adequate service,[2] no competent evidence or witness,[3] lack of

---

[1] Weinacker's motions have been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. CivLR 72(a)(2)(S).

[2] Weinacker states that she was never personally served in this case and that she "recently obtained the complete court records through public access to court electronic records." (Doc. 33 at

subject-matter jurisdiction,[4] fraud upon the court, conflict of interest[,][5] violations of constitutional due process,[6] Uniform Commercial Code, and the Unclean Hands Doctrine" as a result of the "infectious actions" of Plaintiff, National Loan Acquisitions Company ("National Loan"), and its attorney, Henry Callaway ("Callaway"). (Doc. 33 at 1). Weinacker further states that the underlying complaint in this case was filed without supporting documentation and that it failed to state a claim upon which relief could be granted. (Id. at 2). Weinacker alleges that National Loan's attorney, Henry Callaway, was not "candid" with the Court during the 2009 default judgment proceedings in this case and that he "made material

---

5).

[3] Weinacker states that attorney Henry Callaway appeared at the hearing on the motion for a default judgment "without witnesses or any competent or admissible evidence to substantiate [National Loan's] claims. After hearing testimony, the Court entered a default judgment." (Doc. 33 at 7).

[4] Weinacker states that, because National Loan did not prove its claim, the Court lacked subject matter jurisdiction. (Doc. 33 at 11-14).

[5] Weinacker states that attorney Henry Callaway's law firm had represented her company in one or more matters immediately before it represented National Loan in the present action and that she owed the firm money for its representation at the time that Henry Callaway represented National Loan in the underlying action against her. (Doc. 33 at 21-22).

[6] Weinacker states that National Loan "failed or refused to inform" her of her "due process rights under the Fair Debt Collections Practices Act," thereby depriving the Court of subject-matter jurisdiction. (Doc. 33 at 17).

2

misrepresentations to the Court when he did not authenticate the debt, did not include any exhibits with the complaint validating the 'alleged' debt and produced no affidavit from the originator of the debt [Regions Bank] with an accounting of the 'alleged' debt." (Id. at 1, 14). Weinacker further states that Callaway "failed to provide sufficient evidence of Plaintiff's claim, and, if could be construed, were only presented in an attempt to confuse the issue at hand and to mislead the Court to believing the documents actually were evidence of the promissory note. It was his responsibility to validate the claims being made on the note and the amount owed." (Doc. 33 at 2).

A review of the docket in this case reflects that National Loan filed a complaint on March 27, 2009, against Defendant Weinacker, her husband, and their business, alleging breach of a promissory note and two guaranty agreements entered between Defendants and Regions Bank. (Doc. 1). National Loan was the holder of the promissory note and the obligee under the guaranty agreements at the time the lawsuit was filed. (Id.).

A proof of service reflecting personal service of the summons and complaint on Weinacker at 12025 County Road 1, Point Clear, Alabama, was filed on April 13, 2009. (Doc. 4). The proof of service was signed by a private process server and reflects that Weinacker was personally served on April 8, 2009.

3

(Id.).[7] On May 13, 2009, National Loan filed a motion for a default judgment against the Defendants (including movant), which was granted on May 29, 2009. (Doc. 11, 21).

On May 12, 2017, Weinacker filed the instant motions to set aside the Court's May 29, 2009, default judgment. (Docs. 32, 33). Upon review, the Court finds that Weinacker's motions to set aside the 2009 default judgment are misplaced and due to be denied.

**II. Standard of Review**

Under Rule 60 of the Federal Rules of Civil Procedure, a "court may relieve a party or its legal representative from a final judgment, order, or proceeding [.]" Fed. R. Civ. P. 60(b).[8]

---

[7] The docket also contains proofs of service reflecting that the summons and complaint for Weinacker's husband and their business were likewise served on Weinacker on April 8, 2009. (Docs. 5, 6).

[8] Under Rule 60(b), the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

4

A Rule 60(b) motion must be made "within a reasonable time" and, in any event, not more than one year after judgment for reasons arising out of an opposing party's fraud, misrepresentation, or misconduct. Fed. R. Civ. P. 60(c). "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of the facts." Stansell v. Revolutionary Armed Forces of Colombia, 2013 WL 12132057, *3 (M.D. Fla. Apr. 29, 2013) (citing Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005) (holding that the "desire for a judicial process that is predictable mandates caution in reopening judgments.").

Rule 60, however, does not limit the court's power to set aside a judgment for "fraud on the court"; therefore, a party may move to set aside a judgment for fraud on the court at any time. Fed. R. Civ. P. 60(d)(3); see Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985). Fraud on the court constitutes "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot

---

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

5

perform in the usual manner its impartial task of adjudging cases." Travelers, 761 F.2d at 1551-52 (citations omitted). Stated differently, "[t]o prevail [on a motion to set aside a judgment for fraud on the court], the movant must show 'an unconscionable plan or scheme which is designed to improperly influence the court in its decision." United States v. Wilkins, 2015 U.S. Dist. LEXIS 98550, *6, 2015 WL 4571304, *3 (M.D. Fla. July 28, 2015) (quoting Rozier v. Ford Motor Company, 573 F.2d 1332, 1338 (5th Cir. 1978)).

"Fraud *inter partes*, without more, should not be fraud upon the court, but redress should be left to a motion under Rule 60(b)(3) or to an independent action." Travelers, 761 F.2d at 1551 (citations omitted) (holding that perjury and fabricated evidence do not constitute fraud upon the court, because they "are evils that can and should be exposed at trial," and "[f]raud on the court is therefore limited to the more egregious forms of subversion of the legal process, . . . those we cannot necessarily expect to be exposed by the normal adversary process."); Rozier, 573 F.2d at 1338 ("Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court.") (citations omitted).

Where relief from a judgment is sought for fraud on the

court, the movant must establish by clear and convincing evidence the adverse party obtained the verdict through fraud. Booker v. Dugger, 825 F.2d 281, 283-84 (11th Cir. 1987). "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." Council v. Am. Federation of Gov't Employees (AFGE) Union, 559 Fed. Appx. 870, 872 (11th Cir. 2014) (citations omitted).

**III. Discussion**

The undersigned finds, as a preliminary matter, that any motion for relief under Rule 60(b)(1)-(3) is clearly untimely. See Fed. R. Civ. P. 60(c) (providing a motion under Rule 60(b)(1)-(3) must be made within one year after entry of the judgment). This Court entered a default judgment against Defendant Weinacker on May 29, 2009, and Weinacker filed her motions for relief from judgment approximately eight years later, on May 12, 2017. Thus, any relief under Rule 60(b)(1)-(3) is foreclosed.

Moreover, even if the Court construes Weinacker's motions as seeking relief under Rule 60(d)(3), which has no time limitation, she still is not entitled to any relief because her assertions fail to demonstrate, by clear and convincing evidence, that National Loan obtained its default judgment

7

through fraud on the Court. Weinacker's factual assertions regarding fraud on the court consists of averments that National Loan's attorney was not "candid" with the Court during the 2009 default judgment proceedings in this case; that he "made material misrepresentations to the Court when he did not authenticate the debt;" that he "did not include any exhibits with the complaint validating the 'alleged' debt;" that he "produced no affidavit from the originator of the debt [Regions Bank] with an accounting of the 'alleged' debt;" that he "failed to provide sufficient evidence of Plaintiff's claim;" that he attempted to "confuse the issue at hand and to mislead the Court to believing the documents actually were evidence of the promissory note;" and that he failed in his "responsibility to validate the claims being made on the note and the amount owed." (Doc. 33 at 1-2, 14).

Weinacker's allegations do not rise to the level of fraud on the court because they are matters that could and should have been exposed during the court proceedings and they do not constitute "the more egregious forms of subversion of the legal process." Cf. Council, 559 Fed. Appx. at 873 (holding that the plaintiff failed to establish fraud on the court by merely alleging that defendant's employees had committed perjury and fabricated evidence at trial, as such allegations do not constitute fraud on the court because they could have been

exposed at trial and are not considered to be "the more egregious forms of subversion of the legal process."). Moreover, Weinacker provides no clear and convincing evidence that any attorney or judicial officer engaged in fraudulent misconduct, or that such misconduct caused injury to the public (the basis for a proper "fraud on the court" action). See SEC v. ESM Group, Inc., 835 F.2d 270, 273 (11th Cir. 1988) ("The fraud alleged in the present case primarily concerns the two parties involved and does not threaten the public injury[,] which is the concern of fraud on the court.")(internal quotation marks omitted, alteration supplied).

Moreover, to the extent that Weinacker seeks to relitigate the merits of her case some eight years after a default judgment was entered against her by alleging fraud on the court, her argument is unavailing. See Anderson v. Florida Dep't of Envtl. Prot., 2015 U.S. Dist. LEXIS 178790, *2, 2015 WL 10990264, *1 (S.D. Fla. Apr. 22, 2015), aff'd, 624 Fed. Appx. 734 (11th Cir. 2015)("to the extent that Plaintiff seeks to characterize as fraud Defense Counsel's arguments to the Court, Plaintiff is relitigating the merits of his case, which is barred by the law of the case doctrine.").

**II. Conclusion.**

For the foregoing reasons, it is hereby RECOMMENDED that Defendant Weinacker's motions to vacate the default judgment

9

entered in this case on May 29, 2009 (Docs. 32, 33) be DENIED.

**<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the

briefing before the Magistrate Judge is not specific.

**DONE** this **26th** day of **May, 2017.**

                                              **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**